UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION
CIVIL ACTION NO.: 1:16-CV-03572

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, as subrogee of Milton and Carol McAllister Investment Property LLC, d/b/a Bigfoots Steak and Hoagie Restaurant,

Plaintiff,

vs.

CAP ELECTRICAL, INC. and DELMARVA POWER & LIGHT COMPANY,

Defendants.

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, as subrogee of Milton and Carol McAllister Investment Properties LLC d/b/a Bigfoots Steak and Hoagie Restaurant ("State Auto"), by and through its undersigned attorneys, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), respectfully files this Amended Complaint against Defendants Cap Electrical, Inc. and Delmarva Power & Light Company and states as follows:

**THE PARTIES**

1. Plaintiff State Auto Property and Casualty Insurance Company ("State Auto") is an insurance company organized and existing under the laws of the State of Iowa, with its principal place of business at 518 East Broad Street, Columbus, Ohio 43215. State Auto is in the business of writing property and casualty insurance coverage, involving fire loss coverage, and is duly licensed and authorized to do business in the Commonwealth of Virginia.

2. Plaintiff's subrogor, Milton and Carol McAllister Investment Properties LLC d/b/a Bigfoots Steak and Hoagie Restaurant ("Bigfoots") is a Maryland limited liability company which at all relevant times hereinafter owned and operated the Bigfoots Restaurant at 20 West Main Street, Rising Sun, Maryland 21911("Restaurant").

3. At all times relevant thereto, State Auto provided property insurance coverage to Bigfoots against claims arising from certain perils and damages at the restaurant, and under which said insurance policy was in full force and effect.

4. Defendant Cap Electrical, Inc. (hereinafter referred to as "Cap Electrical"), at all relevant times, was a Maryland corporation with a principal place of business at 1750 Conowingo Road, Rising Sun, Maryland 21911. At all relevant times, Defendant Cap Electrical was engaged in the residential and commercial electrical contracting business. Cap Electrical can be served with process by serving its registered agent at: Jon S. Dolor, 168 Sharon Street, Rising Sun, Maryland 21911.

5. Defendant Delmarva Power & Light Company (hereinafter referred to as "Delmarva") is a Virginia corporation with its principal place of business at 500 North Wakefield Drive Newark, DE 19702. At all relevant times hereto, Defendant Delmarva was engaged in the transmission and distribution of electricity in Delaware and a portion of Maryland. Delmarva can be served with process by serving its registered agent at: Corporate Creations Network, Inc., 2 Wisconsin Circle, #700, Chevy Chase, Maryland 20815.

**<u>JURISDICTION AND VENUE</u>**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between

citizens of different states in that the citizenship of plaintiff is completely diverse from the citizenship of the defendants.

7. Venue is appropriate in the United States District Court for the District of Maryland, Northern Division pursuant to 28 U.S.C. §1391, in that a substantial part of the events and acts and omissions causing the loss which is the subject of this action occurred in the District of Maryland.

**FACTUAL ALLEGATIONS**

8. Prior to June 7, 2015, Bigfoots retained Defendant Cap Electrical to periodically perform electric repairs and service to the Restaurant. In so doing, Cap Electrical upgraded the electrical service for the restaurant, installed a new electrical panel/trough for the building and replaced the electrical meter for the building.

9. Prior to June 7, 2015 defendant Delmarva, in conjunction with regional fire and rescue departments served by Delmarva including the Town of Rising Sun Fire Department ("Rising Sun Fire Department"), developed a classification system and priority list for electrical emergencies. The ability to provide Delmarva with critical incident information was intended to allow Delmarva to allow for timely allocation of assistance to fire departments to prevent injury to persons and property.

10. Delmarva provided the Rising Sun Fire Department and others with training and instructions on the identification and notification of electrical emergencies, so that Delmarva could prioritize and provide prompt assistance in responding to an electrical problem that could not be controlled by shutting off a structure's main electrical service to prevent injury to persons and property.

11. Delmarva identified three tiers of electrical emergencies to the Rising Sun Fire Department: Priority One, Priority Two and Priority Three. Delmarva's designation of a Priority One electrical emergency included, but was not limited to: any structure fire that has an electrical problem that prohibits a rescue or fire suppression and cannot be controlled by shutting off the structure's main electrical switch to interrupt electrical service.

12. Prior to June 7, 2015, Delmarva knew that the Rising Sun Fire Department and other regional fire and rescue departments relied on it to treat a Priority One Emergency Call as its highest priority.

13. On or about June 7, 2015, a fire originated on the exterior of the Bigfoots Restaurant building at and in the electrical panel/trough for the restaurant. The fire spread from the electrical panel into the building and destroyed/damaged Bigfoots' real and personal property and business interests.

14. The fire was caused by Cap Electrical's improper and defective installation of the electrical wiring for the meter and electrical panel/trough for the restaurant building.

15. The Rising Sun Fire Department promptly responded to the fire. Because the fire originated at and in the structure's electrical panel/trough which prohibited fire suppression due to the hazard of electrocuting responding fireman, the Fire Department notified Delmarva at 12:07 p.m. of a Priority One call involving an electrical panel fire. According to the instructions and training the fire department received from Delmarva, the fire department relied on Delmarva to promptly respond to the Priority One emergency.

16. Delmarva responded that it would "get someone right out" to the fire scene.

17. The Rising Sun Fire Department, acting in accordance with the instructions and training it received from Delmarva, suspended fire suppression operations while it waited for Delmarva to arrive at the fire scene and disconnect the electric service to the building.

18. According to the instructions and training received from Delmarva, the Rising Sun Fire Department suspended fire suppression operations by not applying water on a live electrical panel as it posed an electrocution hazard.

19. After repeated assurance from Delmarva that it would respond promptly to the Priority One emergency, a Delmarva technician failed to respond at the scene for an hour (1 hour).

20. On prior occasions, Delmarva responded to Priority One emergencies less then 15 minutes upon receiving notification.

21. At all relevant times herein, Delmarva knew that it could not timely respond to the subject Priority One emergency but intentionally misled the Fire Department on the expected arrival time.

22. Knowing that its initially assigned technician was preoccupied on another service call, Delmarva intentionally elected not to assign technicians who were available to respond to the Priority One notification at the Bigfoots Restaurant.

23. The intentional delay in Delmarva responding to the Priority One electrical emergency involving Bigfoots electrical panel fire to enable fire suppression operations allowed the fire to spread from the electrical panel/trough into the Bigfoots building and contributed to the damages hereinbefore averred.

24. As a result of the aforementioned fire, Bigfoots incurred substantial damage to its real and property and business interests in an amount in excess of Five Hundred Thousand and 00/100 ($500,000.00) Dollars.

25. As a direct and proximate result of the fire and resultant damages and pursuant to its policy of insurance with Bigfoots, State Auto paid to Bigfoots an amount in excess of Five Hundred Thousand and 00/100 Dollars ($500,000.00). As a result of its payment, Plaintiff State Auto is subrogated to the rights of Bigfoots to recover damages from third-persons, to the extent of the payments made by Plaintiff State Auto.

**COUNT I – NEGLIGENCE**
**(PLAINTIFF V. DEFENDANT CAP ELECTRICAL)**

26. Plaintiff incorporates paragraphs 1 through 25 herein by this reference.

27. Defendant Cap Electrical owed a duty to exercise reasonable care in inspecting and installing electrical wiring and equipment to and in the Restaurant.

28. Defendant, by reason of the conduct of its agents, employees and representatives, breached its duty of care by committing one or more of the following negligent acts or omissions including, but not limited to, the following:

(a) Defendant failed to properly install electrical wiring to the Restaurant;

(b) Defendant failed to properly, adequately and safely supervise and instruct the activities of its agents, servants, employees, vendors, contractors or subcontractors during the work necessary to install electrical wiring to the restaurant building;

(c) Defendant created or permitted dangerous and/or defective conditions to exist at the restaurant building when defendant knew or should have known that such conditions would create an unreasonable risk of damage and destruction;

(d) Defendant failed to consult with Delmarva and have inspected by Delmarva and the appropriate public authorities the electrical work and equipment it installed to/in the restaurant building;

(e) Defendant failed to comply with applicable industry standards and fire codes;

(f) Defendant failed to warn of the dangerous and defective condition of the electrical wiring in the meter and electrical panel/trough, which it knew created a foreseeable fire hazard; and

(g) Defendant committed other negligent acts or omissions as shall be revealed through discovery in this litigation.

29. As a direct and proximate result of Defendant Cap Electrical's negligence, carelessness, and negligent acts and omissions, plaintiff sustained substantial damages in excess of Five Hundred Thousand and 00/100 Dollars ($500,000.00).

WHEREFORE, Plaintiff demands judgment against the Defendant Cap Electrical in an amount in excess of Five Hundred Thousand and 00/100 Dollars ($500,000.00), plus interest, costs, reasonable attorneys' fees in appropriate, and such further relief as this Court deems just and proper.

**COUNT II – BREACH OF CONTRACT**
**(PLAINTIFF V. DEFENDANT CAP ELECTRICAL)**

30. Plaintiff incorporates paragraphs 1 through 25 herein by this reference.

31. Prior to June 7, 2015, Defendant Cap Electrical contracted with Bigfoots, in return for certain consideration, whereby Cap Electrical agreed to upgrade the electrical service and install electrical wiring for the restaurant. Implicit in this agreement was that the Defendant Cap Electrical would perform its work under the agreement(s) in a reasonable and safe manner, and in accordance with all applicable and accepted industry standards.

32. Defendant Cap Electrical breached its contract(s) with Bigfoots in that *inter alia*, it and its employees, servants, and/or agents:

(a) Failed to undertake the terms and conditions of the contract(s) in a safe, prudent and professional manner; and

(b) Failed to ensure that it and its employees, servants, and/or agents performed its work in compliance with applicable industry standards.

33. The aforementioned breach of Defendant Cap Electrical's contract(s) with Bigfoots proximately and directly caused the Plaintiff's damages.

WHEREFORE, Plaintiff demands a judgment against Defendant Cap Electric in an amount in excess of Five Hundred Thousand and 00/100 Dollars ($500,000.00), plus interest, costs, reasonable attorneys' fees if appropriate, and such further relief as this Court deems just and proper.

**COUNT III – NEGLIGENCE**
**(PLAINTIFF V. DEFENDANT DELMARVA)**

34. Plaintiff incorporates paragraphs 1 through 25 herein by this reference.

35. By undertaking to provide assistance to the Rising Sun Fire Department in responding to electrical emergencies, Defendant Delmarva owed a duty to exercise reasonable care in providing its emergency response to the Bigfoots Restaurant and other citizens of the Town of Rising Sun.

36. Defendant, by reason of the conduct of its agents, employees and representatives, breached its duty of care by committing one or more of the following negligent acts or omissions including, but not limited to, the following:

(a) Defendant failed to timely, promptly and properly respond to the fire as a Priority One Emergency Response;

(b) Defendant failed to properly, adequately and safely supervise and instruct the activities of its employees necessary to respond to the Priority One Emergency Response for the restaurant;

(c) Defendant created or permitted dangerous and/or defective conditions to exist when defendant knew or should have known that such conditions would create an unreasonable risk of damage and destruction; and

(d) Defendant committed other negligent acts or omissions as shall be revealed through discovery in this litigation.

37. The spread of the fire and the resultant damages would not have occurred had defendant timely and promptly responded and de-energized the electrical service to building.

38. As a direct and proximate result of Defendant Delmarva's negligence, carelessness, and negligent acts and omissions, plaintiff sustained substantial damages in excess of Five Hundred Thousand and 00/100 Dollars ($500,000.00).

WHEREFORE, Plaintiff demands a judgment against Defendant Delmarva in an amount in excess of Five Hundred Thousand and 00/100 Dollars ($500,000.00), plus interest, costs, reasonable attorneys' fees if appropriate, and such further relief as this Court deems just and proper.

**COUNT IV – GROSS NEGLIGENCE**
**(PLAINTIFF V. DEFENDANT DELMARVA)**

39. Plaintiff incorporates paragraphs 1 through 25 herein by this reference.

40. By undertaking to provide training and instructions to the Rising Sun Fire Department in responding to electrical emergencies, Defendant Delmarva intentionally, willfully and wantonly disregarded the hazardous conditions that existed at the Bigfoots Restaurant and other citizens of the Town of Rising Sun.

41. Defendant Delmarva knowingly disregarded the information that a Priority One electrical emergency existed at the Bigfoots Restaurant creating a hazardous condition that resulted in substantial damage to the buildings in the area.

42. Delmarva's intentional, willful and wanton delay in responding to the fire scene and subsequent spread of the fire and resulting damage was caused by the gross negligence, willful misconduct and recklessness of Delmarva, generally and in the following ways:

(a) Intentionally, willfully and wantonly failing to timely, promptly and properly respond to the fire as a Priority One Emergency Response;

(b) Intentionally, willfully and wantonly failing to properly, adequately and safely supervise and instruct the activities of its employees necessary to respond to the Priority One Emergency Response for the restaurant;

(c) Intentionally, willfully and wantonly creating or permitting dangerous and/or defective conditions to exist when defendant knew or should have known that such conditions would create an unreasonable risk of damage and destruction; and

(d) Otherwise acting intentionally, willfully and wantonly under the circumstances.

43. The spread of the fire and the resultant damages would not have occurred had defendant promptly responded and de-energized the electrical service to building.

44. As a direct and proximate result of Defendant Delmarva's gross negligence, intentional, willful and wanton misconduct and recklessness, plaintiff sustained substantial damages in excess of Five Hundred Thousand and 00/100 Dollars ($500,000.00).

WHEREFORE, Plaintiff demands a judgment against Defendant Delmarva in an amount in excess of Five Hundred Thousand and 00/100 Dollars ($500,000.00), plus interest, costs, reasonable attorneys' fees if appropriate, and such further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

This 21st day of December, 2016.

SALTZ MATKOV P.C.

/s/ Albert S. Nalibotsky
Albert S. Nalibotsky, Esquire
Maryland Bar No.: 17719
One Morrocroft Centre
6805 Morrison Blvd., Suite 470
Charlotte, North Carolina 28211
Phone: 704-910-2680
Email: analibotsky@saltzmatkov.com

John A. Rego, Esquire
ANDERSON & QUINN, LLC
The Adams Law Center
25 Wood Lane
Rockville, MD 20850
Phone: 301-762-3303
Fax: 301-762-3776
Email: jrego@andersonquinn.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2016, I electronically filed **PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** with the Clerk of the Court using the CM/ECF system and served a copy via Regular U.S. Mail, postage prepaid, as follows:

Cap Electrical, Inc.
c/o Its Registered Agent Jon S. Dolor
168 Sharon Street
Rising Sun, Maryland 21911
*Defendant Cap Electrical, Inc.*

Brian E. Hoffman, Esquire
701 Ninth Street, N.W.
Washington, DC 20068-0001
behoffman@pepcoholdings.com
*Counsel for Defendant Delmarva Power & Light Company*

/s/Albert S. Nalibotsky
Albert S. Nalibotsky